UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CASEY R. PERRY,

        Plaintiff,

        v.

JOHN SCOTT,

        Defendant.

Case No. C08-5729 FDB/KLS

ORDER TO SHOW CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4, and Federal Rule of Civil Procedure 72. The case is before the Court upon review of Plaintiff's complaint. After reviewing the Complaint and balance of the record, the Court finds and orders as follows:

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 US.C. § 1915(d). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*Icting Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)).

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

ORDER
Page - 1

1  To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of
2  was committed by a person acting under color of state law and that the conduct deprived a person of a
3  right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*,
4  451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section
5  1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.
6  *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

When prison officials initially determine whether a prisoner is to be segregated for administrative reasons due process only requires that prison officials must hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated. *Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir. 1986). *See e.g., Hewitt v. Helms,* 459 U.S. at 476-78 nn. 8 & 9, 103 S.Ct. at 874 nn. 8 & 9 (72 hours of segregation constitutes a "reasonsonable time."). The prison officials must inform the prisoner of the charges against the prisoner or their reasons for considering segregation. *Toussaint*, 801 F.2d at 1100. Prison officials must allow the prisoner to present his views. *Id*.

In addition, verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (citation and quotation omitted); *see also Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). "A mere threat may not state a cause of action" under the Eighth Amendment, even if it is a threat against exercising the right of access to the courts. *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam).

In this case, Mr. Perry has alleged that during his administrative segregation hearing on September 29, 2008, John Scott told Mr. Perry to shut up and threatened to throw him out of the room if he did not do so. Dkt. # 1-2, p. 3. Mr. Perry asks the Court reprimand the Defendant for his unprofessional actions, that ad-seg hearings be recorded and that a further investigation be conducted into his grievance. *Id*., p. 4.

Mr. Perry has failed to state a constitutional deprivation under 42 U.S.C. § 1983. In addition, the remedies he seeks are more properly the province of the internal administrative processes available within his correction institution.

Due to the deficiencies described above, the court will not serve the complaint. Plaintiff shall file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why

this matter should not be dismissed **no later than January 9, 2009.** If Plaintiff files an amended complaint under § 1983, the amended complaint shall consist of a **short and plain statement** showing that he is entitled to relief. Plaintiff shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2) The dates on which the conduct of each Defendant allegedly took place; and

(3) the specific conduct or action Plaintiff alleges is unconstitutional.

Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall attach only those exhibits relevant to the factual allegations contained within the amended complaint.

Plaintiff is further advised that this amended pleading will operate as a complete substitute for (rather than a mere supplement to) the present complaint. Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **it must be clearly labeled the "First Amended Complaint" and Cause Number C08-5719RBL/KLS must be written in the caption**. Additionally, Plaintiff must submit a copy of the "First Amended Complaint" for service on each named Defendant.

**Plaintiff is cautioned that if he fails to show cause or amend his complaint by January 9, 2009, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).**

The Clerk is directed to send Plaintiff the appropriate forms that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.

Dated this 12th day of December, 2008.

Karen L. Strombom
United States Magistrate Judge