UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CASEY R. PERRY,

        Plaintiff,

   v.

JOHN R. SCOTT,

        Defendant.

Case No. C08-5729 FDB/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:**
**February 27, 2009**

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. The Court ordered Plaintiff Casey R. Perry to file an amended complaint or show cause explaining why this matter should not be dismissed. Dkt. # 5. Mr. Perry has not complied with the Court's Order. The undersigned recommends that this action be dismissed without prejudice and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915 (g) for failure to state a claim.

## I. BACKGROUND

On December 12, 2008, Mr. Perry was granted leave to proceed *in forma pauperis* (Dkt. # 3), and the Clerk filed his Complaint. Dkt. # 4. The Court reviewed the Complaint prior to service and found it to be insufficient because it did not allege facts sufficient to state a claim under 42 U.S.C. § 1983. Dkt. # 5. Mr. Perry was ordered to amend his complaint or to show cause why his complaint should not be dismissed no later than January 9, 2009. *Id*. In his complaint, Mr. Perry

REPORT AND RECOMMENDATION - 1

has alleged that during his administrative segregation hearing on September 29, 2008, John Scott told Mr. Perry to shut up and threatened to throw him out of the room if he did not do so. Dkt. # 1-2, p. 3. Mr. Perry asks the Court reprimand the Defendant for his unprofessional actions, requested an order directing that ad-seg hearings be recorded and that a further investigation be conducted into his grievance. *Id.*, p. 4.

The Court advised Mr. Perry that he failed to state a constitutional deprivation under 42 U.S.C. § 1983 and that the remedies he seeks are more properly the province of the internal administrative processes available within his correction institution.

Mr. Perry has not filed an amended complaint or a response to the Court's Order, nor has he sought an extension of the January 9, 2009 deadline.

## II. DISCUSSION

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 US.C. § 1915(d). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Plaintiff must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436

REPORT AND RECOMMENDATION - 2

U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

Mr. Perry must allege facts sufficient to allege conduct depriving him of a right or privilege secured by the constitution or federal law. Mr. Perry was given an opportunity to plead or show cause. He has failed to do either.

### III. CONCLUSION

Plaintiff has failed to state a claim as a matter of law under 42 U.S.C. § 1983. The action should be **dismissed without prejudice**, and the dismissal counted as a strike pursuant to 28 U.S.C. 1915 (g). A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 27, 2009,** as noted in the caption.

DATED this  5th  day of February, 2009.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3